IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TERRANCE PRUDE and
SCOTTIE BALDWIN,

                      Plaintiffs,                                  ORDER

                           v.                                       13-cv-718-bbc

MILWAUKEE COUNTY JAIL and
DAVID A. CLARKE, JR.,

                      Defendant.

---

      On November 1, 2013, I directed plaintiffs Terrance Prude and Scottie Baldwin to each pay a $400 filing fee in this case or submit a motion for leave to proceed in forma pauperis with a six-month trust fund account statement. Plaintiff Prude has paid his $400 filing fee. Plaintiff Baldwin has filed a request for use of release account funds to pay his entire $400 filing fee and provided a certified copy of his inmate trust fund account statement. (Dkt. # 8, # 9).

      Plaintiff Baldwin's request to use his inmate release account to pay the filing fee in this case will be denied. (Dkt. #8) Although this court appreciates the initiative plaintiff Baldwin has shown to pay the full filing fee up front, he cannot use his release account funds in the manner he requests. Plaintiff Baldwin should be aware that the language of 28 U.S.C. § 1915(b)(1) suggests that prison officials are required to use a prisoner's release account to satisfy an *initial partial payment* if no other funds are available, *Carter v. Bennett*, 399 F. Supp. 2d 936, 936-37 (W.D. Wis. 2005). The state of Wisconsin has conceded that this provision of the Prison Litigation Reform Act supersedes any restrictions state law imposes on the availability of funds in a prisoner's release account. However, the law does not authorize or require court officials to use funds in an inmate release account to pay the full amount of the filing fee.

Because plaintiff Baldwin's motion to use his release account to pay the entire filing fee in this case will be denied, I presume plaintiff Baldwin wishes to proceed without prepayment of fees. After considering plaintiff Baldwin's trust fund account statement, I conclude that he qualifies for indigent status.[1] Plaintiff Baldwin is incarcerated, so his case is governed by the Prisoner Litigation Reform Act (PLRA), 28 U.S.C. § 1915(b), which requires indigent inmates to pay by installment the entire filing fee for civil actions and appeals. To determine whether a prisoner qualifies for indigent status for purposes of the PLRA, this court applies the formula set forth in 28 U.S.C. § 1915(b)(1). According to this formula, a prisoner requesting leave to proceed *in forma pauperis* must prepay 20% of the greater of the average monthly balance or the average monthly deposits made to his prison account in the six-month period immediately preceding the filing of the complaint.

Using information for the relevant time period from plaintiff Baldwin's trust fund account statement, 20% of the average monthly deposits to his account is $10.23, but 20% of his average monthly balance is $189.50. Because the greater of the two amounts is 20% of the average monthly balance, or $189.50, this is the amount plaintiff Baldwin will be assessed as an initial partial payment of the filing fee. For plaintiff Baldwin to proceed in this case, he must submit this amount on or before December 20, 2013. The only amount plaintiff Baldwin must pay at this time is the $189.50 initial partial payment. Before prison officials take any portion of that amount from plaintiff Baldwin's release account, they may first take from his regular

---

[1] With the exception of habeas corpus proceedings, the fee for civil actions filed after May 1, 2013 is $400 unless a litigant qualifies as indigent under the federal *in forma pauperis* statute, 28 U.S.C. § 1915(a), in which case the fee is $350.

account whatever amount up to the full amount he owes. Plaintiff Baldwin should show a copy of this order to prison officials to ensure that they are aware they should send his initial partial payment to this court.

ORDER

IT IS ORDERED that

1. Plaintiff Scottie Baldwin's request for use of release account funds to pay the entire $400 filing fee in this case, dkt. #8, is DENIED.

2. The court finds that plaintiff Baldwin qualifies for indigent status and he is assessed $189.50 as an initial partial payment of the $350 fee for filing this case. Plaintiff Baldwin is to submit a check or money order made payable to the clerk of court in the amount of $189.50 on or before December 20, 2013. If, by December 20, 2013, plaintiff Baldwin fails to make the initial partial payment or show cause for his failure to do so, he will be held to have withdrawn from this action voluntarily and will not owe the filing fee.

Entered this 27th day of November, 2013.

BY THE COURT:

/s/
PETER OPPENEER
Magistrate Judge