IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TERRANCE PRUDE and
SCOTTIE BALDWIN,

                ORDER

      Plaintiffs,

                13-cv-718-bbc

  v.

MILWAUKEE COUNTY and
DAVID. A CLARKE, JR.,

      Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

  Pro se prisoners Terrance Prude and Scottie Baldwin are proceeding on a claim that defendants Milwaukee County and David Clarke, Jr. refused to allow plaintiffs visitation with their children under the age of 18, in violation of their constitutional right of familial association. Now before the court is plaintiffs' motion to strike various portions of defendants' answer and all of their affirmative defenses. After plaintiffs filed their motion, defendants filed an amended answer, but plaintiffs argue that the amended answer contains many of the same defects.

  With respect to defendants' responses to plaintiffs' allegations, plaintiffs object on the ground that, in many of defendants' responses, they stated that they denied the allegation because they lacked sufficient information to determine whether the allegation is true. Although Fed. R. Civ. P. 8(b)(5) allows a defendant to respond in this way, plaintiff

1

says that defendants should have made a greater effort to investigate plaintiff's allegations before claiming ignorance. However, plaintiff cites no rule or authority from the Court of Appeals for the Seventh Circuit that would have required defendants to do that. If plaintiffs believe that some of their allegations cannot be denied plausibly, they are free to serve defendants with requests for admissions under Fed. R. Civ. P. 36.

Defendants asserted ten affirmative defenses in their amended answer:

1. Upon information and belief, the court may lack personal jurisdiction over each of these defendants because of improper, untimely or lack of service of process.

2. Upon information and belief, the Western District of Wisconsin may be an improper venue for this action.

3. Upon information and belief, the Eastern District of Wisconsin may be a more convenient venue for this action.

4. Upon information and belief, the Complaint may fail to state a claim upon which relief can be granted.

5. Upon information and belief, some or all of the claims included in the Complaint may be precluded by the applicable statute of limitations.

6. Upon information and belief, the plaintiffs may have failed to mitigate their damages.

7. Upon information and belief, all conduct carried out by the defendants and/or employees/representatives of the defendants was carried out in good faith.

8. Upon information and belief, federal common law and/or statutory authorities provide these defendants with immunity relating to the claims contained in the Complaint.

9. Upon information and belief, the plaintiffs may not obtain punitive damages based on the factual circumstances of this case.

10. Upon information and belief, the plaintiffs may have failed to exhaust all administrative remedies and/or other avenues for relief, before filing this lawsuit.

Dkt. #27.

I concluded in the screening order that plaintiffs stated a claim upon which relief may be granted, so defendants' fourth defense is moot. Because plaintiffs are required to prove any right they have to collect punitive damages, defendants did not need to plead their ninth defense.

I agree with plaintiffs that the remaining defenses are too vague and conclusory. In Heller Financial, Inc. v. Midwhey Powder Co., Inc., 883 F.2d 1286, 1295 (7th Cir. 1989), the court affirmed a decision to grant a motion to strike affirmative defenses that were "nothing but bare bones conclusory allegations" and that "omitted any short and plain statement of facts." Because defendants have not included any facts in their answer that support their affirmative defenses, I must grant this part of plaintiffs' motion.

There is some force to an argument that requiring parties to plead facts with their affirmative defenses makes it difficult for them to plead defenses before discovery. However, the alternative rule suggested by defendants would allow parties simply to bombard their opponent with a laundry list of affirmative defenses without making *any* individualized inquiry into whether a particular defense actually applies to the facts of the case. Under that system, it is not clear how the affirmative defense provides any helpful notice to the other side. Rather, it seems to serve no purpose except to reserve defendants' rights to the maximum extent possible.

3

Further, by asking the court for permission to plead a defense before having any idea whether it applies, defendants are asking the court for permission to violate Fed. R. Civ. P. 11, which requires a party to conduct "an inquiry reasonable under the circumstances" before asserting any claim or defense to a court and to determine whether any "factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b). Rule 11 applies to *any* document filed with the court, not just complaints. Thus, defendants must provide some factual basis in their answer for asserting an affirmative defense.

Defendants are free to file an amended answer that includes the necessary facts. Defendants need not plead details, but they should provide enough information to show that they have met their obligation under Fed. R. Civ. P. 11 to conduct "an inquiry reasonable under the circumstances" before asserting the defense.

ORDER

IT IS ORDERED that the motion filed by plaintiffs Terrance Prude and Scottie Baldwin to strike the amended answer and affirmative defenses of defendants Milwaukee County and David Clarke, Jr., dkt., #23, is GRANTED with respect to defendants'

affirmative defenses.  The motion is DENIED in all other respects.

Entered this 27th day of March, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge