IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TERRANCE PRUDE and
SCOTTIE BALDWIN,

                                                ORDER

                Plaintiffs,

                                                13-cv-718-bbc

    v.

MILWAUKEE COUNTY and
DAVID A. CLARKE, JR.,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In an order dated March 27, 2014, dkt. #32, I granted in part and denied in part a motion filed by plaintiffs Terrance Prude and Scottie Baldwin to strike the answer filed by defendants Milwaukee County and David A. Clarke, Jr. In particular, I granted plaintiffs' motion with respect to defendants' affirmative defenses because they did not provide sufficient notice to plaintiffs, but I denied the motion with respect to defendants' various responses in which they denied an allegation on the ground that they lacked sufficient information to determine whether the allegation is true. In accordance with that order, defendants filed an amended answer. Dkt. #33.

Now plaintiffs have filed another motion that they call "Plaintiffs' Response to Defendants' Second Answers & Affirmative Defenses." Dkt. #34. In part, this motion is a request for reconsideration; it is also a renewed motion to strike some of the affirmative

1

defenses. I am granting the motion for reconsideration in part, but I am denying the motion with respect to the affirmative defenses.

In the March 27 order, I noted that, under Fed. R. Civ. P. 8(b)(5), a party is permitted to state that it "lacks knowledge or information sufficient to form a belief about the truth of an allegation" and that plaintiffs did not cite any authority from the Court of Appeals for the Seventh Circuit that would have required defendants to provide more information. In their new motion, plaintiffs argue that, under Fed. R. Civ. P. 8(b)(2), "[a] denial must fairly respond to the substance of the allegation" and that defendants violated that requirement in their answer by claiming that they could not confirm an allegation, even when the allegation related to defendants' own conduct and policies. Plaintiffs cite American Photocopy Equipment Co. v. Rovico, Inc., 359 F.2d 745, 746-47 (7th Cir. 1966), in which the court stated that the "failure of [a party] to frankly reply on a matter, which it . . . must have had within its knowledge, exhibits a lack of fairness which completely discredits its statement that it is without knowledge of or information sufficient to form a belief as to the truth of said averment of [the other party]." In turn, that court cited Harvey Aluminum (Incorporated) v. NLRB, 335 F.2d 749, 758 (9th Cir. 1964), in which the court stated that "an answer asserting want of knowledge sufficient to form a belief as to the truth of facts alleged in a complaint does not serve as a denial if the assertion of ignorance is obviously sham." Plaintiffs cite their previous motion in which they listed various responses in the answer that they believe violate Rule 8(b)(2) as interpreted by the courts in American Photocopy and Harvey Aluminum.

Some of plaintiffs' objections are moot because defendants admitted the allegation at issue in their second amended answer. However, I am persuaded that, under American Photocopy, defendants should be able to admit or deny the following allegations:

- whether plaintiffs were transported to the Milwaukee County jail on July 26, 2009, September 24, 2009, January 11, 2010, and September 26, 2013, Sec. Am. Ans. ¶¶ 15, 24, 28 and 34;
- whether jail officials denied visits plaintiffs visits with their sons because the sons were under the age of 18, id. at ¶¶ 17, 25, 29 and 36;
- how the Milwaukee County jail responded to a grievance plaintiff filed, id. at ¶ 32.

Accordingly, I am directing defendants to file an amended answer that admits or denies those allegations.

Although I agree with plaintiffs that some of defendants' responses did not comply with Rule 8, plaintiffs should consider in the future whether a motion is the best response in each instance that they believe that defendants may have failed to comply with a rule. The dates of plaintiffs' incarceration and defendants' response to a grievance have limited relevance to the ultimate question whether defendants violated plaintiffs' constitutional rights by denying them visitation with their sons. Further, if these issues are as clear cut as plaintiffs suggest, then it is unlikely they would be disputed at later stages in the case. Finally, to the extent that plaintiffs believe that some of their allegations cannot be denied plausibly, they would be free to serve defendants with requests for admissions under Fed. R.

3

Civ. P. 36. Plaintiffs should consider whether the potential benefit of the prevailing on the motion outweighs the time and expense of briefing the motion and whether there may be more efficient ways to address the issue.

With respect to the affirmative defenses, plaintiffs do not argue that defendants failed to provide adequate notice of the defenses in the second amended answer. Instead, plaintiffs have briefed the merits of the defenses of improper venue and qualified immunity. That was premature because defendants have not filed a motion to dismiss. If such a motion were to be filed, plaintiffs would be allowed to respond to it. Otherwise, it is not necessary for plaintiffs to respond to defendants' answer. Indeed, Fed. R. Civ. P. 7(a) forbids submitting a reply to an answer unless the court directs a reply to be filed. No such order has been made in this case. Plaintiffs should be aware that they do not need a reply because Fed. R. Civ. P. 8(b)(6) provides that allegations in pleadings to which a response is not allowed are assumed to be denied. Therefore, although plaintiffs are not permitted to respond to defendants' answer, the court assumes that they have denied the factual statements and affirmative defenses raised in the answer.

ORDER

IT IS ORDERED that the motion filed by plaintiffs Terrance Prude and Scottie Baldwin in response to the second amended answer, dkt. #34, is GRANTED IN PART. Defendants David A. Clarke, Jr. and Milwaukee County may have until May 20, 2014 to file an amended answer in which they admit or deny ¶¶ 15, 17, 24, 25, 28, 29, 32, 34 and

36 of plaintiff's complaint. Plaintiffs' motion is DENIED in all other respects.

Entered this 5th day of May, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge